# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

CHARLES CRAIG, JR.,

                                  :

         Petitioner,                      Case No. 1:07-cv-067

                                 :       District Judge Susan J. Dlott
     -vs-                          Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

                                    :

         Respondent.

---

## REPORT AND RECOMMENDATIONS

---

       Petitioner Charles Craig, Jr., filed this habeas corpus petition pursuant to 28 U.S.C. § 2254

to obtain relief from his sentence of eight years confinement imposed by the Hamilton County

Common Pleas Court.  He pleads the following grounds for relief:

> **Ground One:** Denial of absolute right to procedural due process of law where right to appeal as counsel for appeal denied.
>
> **Supporting Facts:** The Ohio Court of Appeals denied petitioner his absolute right to procedural due process of law in denying his motion for delayed appeal with effective showing of waiver contrary to clearly established federal law as determined by the United States Supreme Court.
>
> **Ground Two:** Void sentence.
>
> **Supporting Facts:** State trial judge made judicial factfindings to enhance sentence not found by jury, admitted to by petitioner, nor proven beyond a reasonable doubt, rendering state court sentence void under 6th and 14th Amendments, U.S. Constitution.
>
> **Ground Three:** Federal habeas relief must be made permanent because no state corrective process  exists.

-1-

**Supporting Facts:** Although petitioner is entitled to the maximum/minimum sentence of three (3) years under Ohio law, no corrective process exists in Ohio for obtaining such relief as a result of *State v. Foster,* 109 Ohio St. 3d 1, 845 N.E. 2d 704 (2002).

(Petition, Doc. No. 3, at 6-9.)

## Relevant Procedural History

Petitioner was indicted by the Hamilton County Grand Jury in Case No. B0305719 on two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b), three counts of unlawful sexual conduct with a minor in violation of Ohio Revised Code § 2907.04(A), and one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A). In Case No. B0307568, he was indicted on two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4)) and two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). After plea negotiations, he pled guilty to one count each of rape and unlawful sexual conduct with a minor in Case No. B0305719 and one count each of gross sexual imposition and rape in Case No. B0307568. The sentences on all counts were ordered to be served concurrently.

Petitioner asserts that his sentences are void because they depend on judicial findings of facts which were not pled in the indictments or admitted by him, nor found by a jury beyond a reasonable doubt after trial. In fact, his entire case rests on his underlying premise that his sentence violates the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), which held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt unless it has been admitted by the defendant.

When he moved this Court to expand the record by requiring the Respondent to file transcripts of the plea and sentencing proceedings, Petitioner asserted

> Production and examination of these proceedings will be dispositive of the merits of Petitioner's federal habeas corpus claims as well as dispositive to this court granting or denying his pending motion for summary judgment filed pursuant to Rule 56(c), Federal Rules of Civil Procedure.

(Motion, Doc. No. 16, at 1.) Respondent did not oppose the Motion and proceeded to file the transcript without awaiting a court order (Doc. No. 17-2).[1] At pages 2-3, Mr. Craig waives his right to trial by jury in both cases. At page 4, he acknowledges his signature on the withdrawal of not guilty plea and entry of guilty plea in each case. On page 10, Mr. Craig tells Judge March "My understanding of the bargain is eight years flat." He also understands that is to be the sentence in each case and the two eight-year sentences will be served concurrently. *Id*. at page 10, line 21. On pages 11 and 12, he acknowledges the same agreed sentence in writing. On pages 13-14, Mr. Craig again asks if it is correct that he will be doing eight years on each case, running concurrently, and Judge Marsh confirms that is correct.

Mr. Craig did not appeal from the judgment within the 30-day time period allowed by Ohio law; indeed, he acknowledges that that period expired January 14, 2004. His first attempt at appeal was a notice of appeal filed July 8, 2005, along with a motion for delayed appeal (Return of Writ, Doc. No. 10, Exs. 12, 13.) Mr. Craig was apparently using a form prepared by someone else and did not state the grounds he intended to raise on appeal. Instead, he asserted, presumably as grounds for the delay, that his trial lawyer was ineffective in telling him that he had no right to appeal and

---

[1]The Court has today granted the Motion to Expand by notation order as a matter of formality.

only after research did he learn he did have a right to appeal. *Id.*  The First District Court of Appeals overruled that motion, holding that he had not shown good cause for the late filing and "there was an agreed plea and sentence in the trial court [see R.C. 2953.08(D)]." (Return of Writ, Doc. No. 10, at Ex. 15.) Mr. Craig did not appeal from this decision to the Ohio Supreme Court.

Instead, in September, 2005, he filed another motion for delayed appeal. *Id.* at Ex. 18. He used the same form as in June, cited different cases as supporting his ineffectiveness argument, and concluded "In addition, the sentence is contrary to law [See R.C. 2953.08(A)(4)] referencing *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). In what appears to be a form entry, the Court of Appeals denied the motion for failure to show sufficient reason for the delay. *Id.* at Ex. 22. This time Mr. Craig did attempt to appeal to the Ohio Supreme Court, but that court declined jurisdiction. *Id.* at Exs. 24, 25. Before his second attempt was completed, Mr. Craig filed a third notice of appeal later in September, 2005. *Id.*, Ex. 26. The Court of Appeals dismissed the appeal *sua sponte* because it was untimely and again because there was an agreed sentence pursuant to Ohio Revised Code § 2953.08. *Id.*, Ex. 27. Mr. Craig did not attempt to appeal further.

In October, 2005, Mr. Craig filed a motion to withdraw his guilty plea on grounds his counsel was ineffective for allowing him to be sentenced to more than the minimum sentence, in asserted violation of *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000); and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). That motion remained pending in the Hamilton County Common Pleas Court as of the time the Return of Writ

-4-

was filed herein and the Court is not advised as to whether any ruling has yet been made[2].  Without

waiting for a decision, Mr. Craig filed his instant Petition on January 29, 2007.


**Analysis**


Petitioner's arguments betray a fundamental misunderstanding of how sentencing worked

in Ohio under Senate Bill 2 prior to the time that sentencing scheme was found unconstitutional by

the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), applying

*Blakely*, supra.  Under S.B. 2 as codified in Ohio Revised Code § 2929.14(B), an Ohio Common

Pleas court imposing a sentence for a felony was required to impose the shortest sentence authorized

by Ohio Revised Code § 2929.14(A) unless

> (1) The offender was serving a prison term at the time of the offense,
> or the offender previously had served a prison term. [or]
>
> (2) The court finds on the record that the shortest prison term will
> demean the seriousness of the offender's conduct or will not
> adequately protect the public from future crime by the offender or
> others.

However, as the Ohio Supreme Court explained in *State v. Porterfield*, 106 Ohio St. 3d 5, 829

N.E.2d 690 (2005):

> The General Assembly intended a jointly agreed-upon sentence to be
> protected from review precisely because the parties agreed that the
> sentence is appropriate. Once a defendant stipulates that a particular

---

[2]Respondent seems to argue that the motion to withdraw cannot provide Mr. Craig with
the relief he seeks in this case and, implicitly, that it is not an as-yet unexhausted but available
state court remedy.  Under 28 U.S.C. § 2254, this Court may in any event dismiss a meritless
habeas petition without awaiting state court exhaustion of some possible remedy.

> sentence is justified, the sentencing judge no longer needs to
> independently justify the sentence.

829 N.E. 2d at 694. Thus Mr. Craig's argument is based on a faulty premise – that Judge Marsh was required to make findings under Ohio Revised Code § 2929.14(B) to impose the sentence which she did in this case. As the *Porterfield* decision makes clear, no such findings are required by Ohio law when there is an agreed-upon sentence. It is very clear from the record of the plea and sentencing that that is precisely what occurred in this case: an agreement between the prosecutor and defense on a sentence and imposition by the trial judge of precisely the sentence which was agreed upon.

As this analysis shows, Mr. Craig's second Ground for Relief is without merit. *Blakely*, *supra*, requires that any additional fact-finding beyond what will justify the minimum sentence provided by law must be done by a jury unless waived, but under Ohio law there is no additional fact-finding necessary for an agreed-sentence. Examination of both the plea transcript and the sentencing entries shows that Judge Marsh did not purport to make any such additional findings. *Blakely* does not render either void or voidable an agreed-upon sentence under Ohio Revised Code § 2929.14

In his first Ground for Relief, Mr. Craig asserts he was deprived of his constitutional right to effective assistance of counsel on appeal because his counsel did not take an appeal, but instead told him he had no right to appeal. However, the Sixth Amendment right to effective assistance of counsel on appeal only applies to those appeals which a state defendant may take as a matter of right. Put differently, there is no right to counsel at all where there is no right to appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). Because there was an agreed-sentence, Mr. Craig had no right to appeal; as the First District Court of Appeals twice held in this case, that right

is precluded by Ohio Revised Code § 2953.08.

Mr. Craig's third Ground for Relief is essentially an argument that, if this Court finds merit to his first or second Ground for Relief, it must proceed to reduce his sentence to the minimum provided by Ohio law without remanding the case to the Ohio courts. Because there is no merit to the first or second Ground, the third Ground for Relief is moot.

### Conclusion

Based on the foregoing analysis, Petitioner's Motion for Summary Judgment (Doc. No. 13) should be denied and the Petition herein should be dismissed with prejudice. Because no reasonable jurist would disagree with the conclusions reached herein, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 31, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Craig Habeas R&R.wpd