**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CHARLES CRAIG, JR.,

      Petitioner,  :  Case No. 1:07-cv-067

    -vs-  :  District Judge Susan J. Dlott
                                 Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

      Respondent.  :

**REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT**

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(6) (Doc. No. 24) and his amendment to that Motion (Doc. No. 25). As a post-judgment motion, it is referred to the Magistrate Judge for report and recommendations under 28 U.S.C. §636(b)(3).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a habeas petitioner may not file a second or successive petition without prior approval of the Court of Appeals. However, the AEDPA does not bar a motion under Rule 60(b) so long as that motion attacks the integrity of the prior habeas proceeding, rather than adding a new claim. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The instant Motion argues that this Court made two mistakes in its analysis of the case and therefore may be considered by this Court, rather than transferred to the Sixth Circuit under *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

Petitioner was indicted by the Hamilton County Grand Jury in Case No. B0305719 on two

-1-

counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b), three counts of unlawful sexual conduct with a minor in violation of Ohio Revised Code § 2907.04(A), and one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A). In Case No. B0307568, he was indicted on two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4)) and two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). After plea negotiations, he pled guilty to one count each of rape and unlawful sexual conduct with a minor in Case No. B0305719 and one count each of gross sexual imposition and rape in Case No. B0307568. The sentences on all counts were ordered to be served concurrently.

## Judicial Fact Finding

The first error Mr. Craig alleges this Court made is in finding that there was no violation of *Blakely v. Washington*, 542 U.S. 296 (2004), in his state cause. In that case, the Supreme Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt unless it has been admitted by the defendant. In the original Report and Recommendations, which was accepted by the District Court, the Magistrate Judge concluded there was no *Blakely* violation because there was an agreed sentence in the case and the trial judge, Hamilton County Common Pleas Judge Melba Marsh, did not have to make any findings to impose that sentence, except that Petitioner had agreed to the sentence.

In his instant 60(b) Motion, Mr. Craig does not quarrel with any of that analysis. Instead, he finds a *Blakely* violation in the findings of fact Judge Marsh made to categorize him as a sexual

predator. It is certainly true that such findings are required under Ohio Revised Code § 2950 for classifying a criminal defendant as a sexual predator and that Judge Marsh did make such findings, resulting in a sexual predator finding. It is also true that these facts were not submitted to a jury, nor were they agreed to by Petitioner.

However, those findings do not constitute a *Blakely* violation because they did not result in any change in the criminal sentence imposed in this case. When a criminal defendant is classified as a sexual predator by a trial court, that classification has permanent effects on the person's life: there are registration requirements and some localities have enacted residence limitations which are imposed. However, those consequences do not affect the length of the criminal sentence; *Blakely* and its progeny in *United States v. Booker*, 543 U.S. 220 (2005), deal only with findings that enhance the length of the criminal sentence. In fact, *post-Booker* and elimination of the mandatory nature of the United States Sentencing Guidelines, judges may take non-jury-found facts into account even in imposing sentence.

> "*Booker* did not eliminate judicial fact-finding." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). "[T]his court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); see also *Rita v. United States*, 127 S. Ct. 2456, 2465-66, 168 L. Ed. 2d 203 (2007) ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence."); *United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) ("Because the guidelines are now advisory and not mandatory, a District Court may rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates [the defendant's] sentence.")

*United States v. Maken,* 2007 U.S. App. LEXIS 29793 (6th Cir. 2007). "[J]udicial fact-finding in

sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.2006).

This Court understands that Petitioner is challenging his criminal sentence and not his classification as a sexual predator. Classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus. *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002).

In the instant Motion, Mr. Craig argues that Judge Marsha used the findings she made to enhance his sentence beyond the shortest prison term authorized by Ohio Revised Code § 2929.14 (Motion, Doc. No. 24, at 3). That is simply not so – the imposed sentence is the sentence which had been agreed to.

In sum, Judge Marsh made findings of fact which did not impact Petitioner's criminal sentence and therefore did not violate *Blakely*.

**Void State Court Judgment**

Petitioner argues in the second prong of his Motion that, because the state court indictment did not charge any facts sufficient to enhance his sentence beyond the three-year minimum authorized by Ohio Revised Code § 2929.14, the state court lacked jurisdiction to impose the higher agreed-upon sentence.

Petitioner relies on *State v. Cimpritz,* 185 Ohio St. 490, 110 N.E.2d 416 (1953), which held at ¶ 6 of the syllabus that a judgment of conviction based on an indictment which does not charge

an offense is, under Ohio law, void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceedings. *Cimpritz* remains good law in Ohio, but it has never been applied, so far as this Court is aware, to vacate a judgment for a *Blakely* violation. In fact, in deciding in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), that S.B. 2 violated the Constitution as interpreted by *Blakely*, the Ohio Supreme Court did not vacate the convictions because the indictments did not charge offenses, but instead remanded the cases for resentencing without the unconstitutional portions of S.B. 2.

The Ohio Common Pleas Courts are courts of general jurisdiction which have authority generally to adjudicate felony cases. Absent an interpretation of *Cimpritz* by the Ohio Supreme Court extending it to situations like *Foster*, this Court should not find that the Common Pleas Court lacked jurisdiction.

In his Amendment to the Rule 60(b) Motion, Petitioner argues that this Court rendered judgment without determining its own subject matter jurisdiction. He reasons that because, according to his previous argument, the Hamilton County Common Pleas Court did not have subject matter jurisdiction to sentence him as it did, this Court did not have subject matter jurisdiction to render a judgment "except to the extent to declare that Petitioner's sentence has been served in full." (Doc. No. 25 at 2.)

Petitioner is correct that federal courts are courts of limited subject matter jurisdiction and must enforce those limits, even *sua sponte* when they are not raised by the parties. See *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); and *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981). However, this Court plainly has subject

matter jurisdiction in habeas corpus. 28 U.S.C. § 2241. Once that jurisdiction was properly invoked, as it was here, this Court had authority to decide the case according to law, not just according to Petitioner's view of the law. Because Petitioner's reading of *Cimpritz* is well beyond any reading given that case by any Ohio court, this Court is not bound to determine, as Petitioner insists, that the Ohio courts had no jurisdiction. In fact, Petitioner would be well advised to be careful what he asks for: if it were determined that the judgment in his case was void for lack of subject matter jurisdiction, the result would not be reduction of the sentence to three years. Instead, the prosecutor would be free to re-indict for all of the offenses with which he was originally charged. If he were convicted, the trial court would not be under the limitations and constraints imposed by Ohio Revised Code § 2929.14 before *Foster*.

## Conclusion

Petitioner's Motion and Amended Motion under Fed. R. Civ. P. 60(b)(1) and (6) are without merit and should be denied.

February 15, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).