**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CHARLES CRAIG, JR.,

    Petitioner,

:

Case No. 1:07-cv-067

    -vs-

:

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

:

    Respondent.

**REPORT AND RECOMMENDATIONS ON MOTIONS TO APPEAL *IN FORMA PAUPERIS* AND FOR CERTIFICATE OF APPEALABILITY**

This habeas corpus case is before the Court on Petitioner's Notice of Appeal (Doc. No. 27) accompanied by his Motion for Leave to Appeal *in forma pauperis* (Doc. No. 28) and Motion for Certificate of Appealability (Doc. No. 29).

This Court has already denied Petitioner leave to appeal *in forma pauperis* and a certificate of appealability with respect to the issues raised in his original Petition. It appears from the Motion for Certificate of Appealability that the issue which Petitioner contends is debatable among reasonable jurists is whether this Court should *sua sponte* have determined that the Hamilton County Common Pleas Court did not have subject matter jurisdiction of the underlying criminal offenses.

As noted in the Report and Recommendations recommending denial of Petitioner's Motions for Relief from Judgment, the obligation of a federal court to ensure its own subject matter jurisdiction has never been extended to a requirement that it inquire, *sua sponte*, into the jurisdiction of a convicting court. Petitioner here never raised in his Petition a claim that the Hamilton County

Common Pleas Court lacked subject matter jurisdiction over his criminal offense and indeed such a claim would have been unavailing, since Ohio Common Pleas Courts are courts of general criminal jurisdiction. Petitioner relies on *State v. Cimpritz,* 185 Ohio St. 490, 491, 110 N.E.2d 416, 417 (1953), which held that a judgment of conviction based on an indictment which does not charge an offense is, under Ohio law, void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceedings. *Id.,* ¶6 of the syllabus. But the fact that the indictment in this case did not include facts necessary to enhance the penalty under Ohio Revised Code § 2929.14 – facts of the type construed to be "elements" under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004) – does not mean the indictment did not charge an offense under Ohio law.

That conclusion would not be debatable among reasonable jurists. Thus the Court should deny a certificate of appealability on this issue. Although Petitioner has shown that he is legally indigent, an appeal would be objectively frivolous and he should therefore also be denied leave to appeal this issue *in forma pauperis*.

February 23, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections

shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).